UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

SCOTT ALAN KLINE,

    Plaintiff,

v.                                          Case No. 3:21cv1002-LC-HTC

CHARLES RETTIG, et al.,

    Defendants.
_____/

REPORT AND RECOMMENDATION

Before the Court is Defendants' Motion to Dismiss, ECF Doc. 24, and Plaintiff's response in opposition, ECF Doc. 31. The case was referred to the undersigned for the filing of a report and recommendation pursuant to 28 U.S.C. § 636 and Fed. R. Civ. P. 72. After reviewing the parties' submissions, the undersigned concludes the motion should be GRANTED.

**I.    BACKGROUND**

Plaintiff Scott Alan Kline, a prisoner of the Florida Department of Corrections ("FDOC") proceeding *pro se* and *in forma pauperis*, initiated this action by filing a complaint against Secretary of the Treasury Janet Yellen and Internal Revenue Service ("IRS") Commissioner Charles Rettig based on their agencies' failure to respond to his Freedom of Information Act ("FOIA") requests and failure to issue him a $1,200 Economic Impact Payment ("EIP") under the Coronavirus Aid, Relief,

and Economic Security Act ("CARES Act").[1]  ECF Doc. 1.  Plaintiff's complaint sets forth the factual allegations which follow, the truth of which are accepted for purposes of this Report and Recommendation.

In *Scholl v. Mnuchin*, 494 F. Supp. 3d 661 (N.D. Cal. 2020), the court enjoined the Treasury Department and IRS from withholding EIPs to prisoners based solely on their incarcerated status.  Plaintiff "was notified, as part of the resolution of that class action, to file for the EIP."  On October 20, 2020, Plaintiff used the prison's routine mailing system to file an IRS Form 1040 with "EIP" written along the top of the form.  Because routine mail is not tracked, Plaintiff sent a second, identical IRS Form 1040 to the IRS using the prison's privileged mail system to receive proof of mailing.

By December 2020, neither Plaintiff nor any other inmate had received EIPs.  When Plaintiff's friend outside of prison checked the status of Plaintiff's payment on the IRS website, it indicated "it could not locate any information on Plaintiff, it had not sent any EIP payment, and it was not processing any EIP payments related to [his] information."

---

[1] In addition to Rettig, the complaint originally named Steven Mnuchin and two unknown employees of the IRS and Treasury Department as Defendants.  The Court substituted Yellen in place of Mnuchin, as he is no longer the Secretary of the Treasury.  ECF Doc. 11.  The Court also advised Plaintiff his FOIA claim could proceed against only the agencies and not the unknown employees.  *Id.*

On December 15, 2020, Plaintiff "sent a notarized [FOIA] request to the IRS and to the Department of Treasury to get all information regarding [his] EIP payments or any other information related to [him] within their control." Plaintiff had not received the $1,200 EIP or a response to the FOIA requests by September 1, 2021, the date he filed the complaint in this case.

Based on the foregoing, Plaintiff alleges: (1) Yellen failed to comply with the order issued in *Scholl v. Mnuchin*; (2) employees in the IRS and Treasury Department failed to comply with the FOIA; and (3) Yellen and Rettig violated the Due Process Clause of the Fifth Amendment by failing to comply with 26 U.S.C. § 6428 and issue the $1,200 EIP to Plaintiff. As relief, he seeks an injunction requiring the IRS and the Treasury Department to respond to his FOIA requests and issue him a $1,200 payment. Plaintiff also seeks, from each Defendant, compensatory damages of $1,200, nominal damages of $100, and punitive damages of $5,000.

## II.   LEGAL STANDARD

When evaluating a motion to dismiss under Rule 12(b)(6) for failing to state a claim upon which relief can be granted the Court must determine if the plaintiff has alleged enough plausible facts to support the claim stated. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007). A complaint's well-pleaded facts must be accepted as true when ruling on a motion to dismiss, *Am. United Life Ins. Co. v.*

*Martinez*, 480 F.3d 1043, 1057 (11th Cir. 2007), and dismissal is not permissible because of "a judge's disbelief of a complaint's factual allegations." *Twombly*, 355 U.S. at 556 (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). "A motion to dismiss is not the vehicle by which the truth of a plaintiff's factual allegations should be judged." *Newbold v. Santana*, 4:19CV26-WS/CAS, 2020 WL 853910, at *4 (N.D. Fla. Jan. 8, 2020), *report and recommendation adopted*, 4:19CV26-WS/CAS, 2020 WL 838295 (N.D. Fla. Feb. 19, 2020).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). A claim has facial plausibility when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* (citation omitted). This "plausibility standard" requires a showing of "more than a sheer possibility" the defendant is liable on the claim. *Id.* The allegations of the complaint must set forth enough facts "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

## III. DISCUSSION

### A. Plaintiff's CARES Act Claim

The CARES Act was signed into law on March 27, 2020, and established a tax credit for eligible individuals in the amount of $1,200. *Scholl*, 494 F. Supp. 3d

at 670 (citing 26 U.S.C. § 6428(a)).  The tax credit "was to be paid in 2021 based on an individual's 2020 income tax return, see 26 U.S.C. § 6428(a), or as an 'advance refund' to be paid on or before December 31, 2020, based on an individual's 2019 income tax return."  *Puckett v. U.S. Dep't of Treasury Internal Revenue Service*, 2021 WL 2550995, at *2 (N.D. Ohio June 22, 2021) (citing 26 U.S.C. § 6428(f)); *see also Scholl*, 494 F. Supp. 3d at 687 (The "advance refund is owed to taxpayers who meet the criteria of the statute in tax year 2019 (as opposed [to] 2020), and that advanced refund is based on a constructive overpayment of their 2019 tax returns[.]").  An advance refund of the tax credit authorized by the CARES Act is also known as an EIP.  *McLaughlin v. United States*, 2022 WL 522832, at *1 (N.D. Fla. Feb. 22, 2022); *see also Hudson v. Dep't of Treasury*, 2021 WL 5782471, at *3 (W.D. Mich. Dec. 7, 2021) (The CARES Act permits "a recovery rebate to be made either by advance refund (i.e., a 'stimulus check'), or a tax credit, or a combination of the two.") (quotation marks and citation omitted).

The CARES Act imposed a deadline of December 31, 2020, for EIPs to be "made or allowed."  26 U.S.C. § 6428(f)(3)(A).  Individuals who did not receive an EIP under the CARES Act may nonetheless claim a Recovery Rebate Credit on their 2020 income tax return.  *McLaughlin*, 2022 WL 522832, at *1.  As explained in the Recovery Rebate Credit section of the IRS's website:

> All first and second Economic Impact Payments have been sent out by the IRS.  If you didn't get a first and second Economic Impact Payment

> or got less than the full amounts, you may be eligible to claim the 2020 Recovery Rebate Credit by filing a 2020 tax return if you have not filed yet or by amending your 2020 tax return if it's already been processed. Your Recovery Rebate Credit on your 2020 tax return will reduce the amount of tax you owe for 2020 or be included in your tax refund.

https://www.irs.gov/newsroom/recovery-rebate-credit (last visited June 29, 2022).

### 1. The Court Lacks Jurisdiction Over Plaintiff's Recovery Rebate Credit Claim

In their motion to dismiss, Defendants argue Plaintiff's CARES Act claim is moot because the IRS paid him the $1,200 EIP he was entitled to under the Act, plus interest, on December 17, 2021. *See Friends of the Everglades v. S. Fla. Water Mgmt. Dist.*, 570 F.3d 1210, 1216 (11th Cir. 2009) ("An issue is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief.") (quotation marks and citation omitted). To support their claim of payment, Defendants have submitted the declaration of an IRS employee and an account transcript for Plaintiff for the 2020 tax year.[2] ECF Docs. 24-1, 24-2. These documents indicate the IRS sent Plaintiff a refund of $1,223.71, composed of a $1,200 credit and $23.71 in interest, on December 17, 2021. *Id.*

---

[2] A district court's dismissal of a case as moot is treated as a ruling on a motion to dismiss for lack of subject matter jurisdiction. *In re Zalloum*, 790 F. App'x 205, 206 (11th Cir. 2020). In a factual attack to jurisdiction, a court may consider matters outside the pleadings, such as affidavits. *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990). Thus, in considering Defendants' mootness argument, the Court may rely on the exhibits attached to both Defendants' motion and Plaintiff's response.

Case No. 3:21cv1002-LC-HTC

Although the term EIP more appropriately applies to an advance refund, both Plaintiff and Defendants, as well as some courts, use the term interchangeably to refer to both an advance refund and the Recovery Rebate Credit. For example, Defendants' motion asserts "the IRS sent [Plaintiff] his EIP of $1,200, plus interest" in December 2021. ECF Doc. 24 at 5. However, the IRS's December 2021 payment to Plaintiff is not an EIP because, as stated above, the deadline for EIPs to be made or allowed expired on December 31, 2020. Instead, the December 2021 payment is a refund based on the Recovery Rebate Credit created by the CARES Act, as confirmed by the fact the 2021 payment was based on the tax return Plaintiff submitted on April 12, 2021, for the 2020 tax year. *See* ECF Doc. 24-1 at 4. In this Report and Recommendation, the undersigned will, consistent with the IRS and the *Scholl* court, use the term EIP to refer only to the advance refunds made by the IRS based on tax returns for the 2019 tax year.

Regardless, the payment does not moot Plaintiff's claim because Plaintiff asserts he did not actually receive the full $1,200 payment with interest. In his response to Defendants' motion, Plaintiff has submitted a copy of his FDOC trust fund account statement which shows a deposit of only $1,159.78 into his account on January 25, 2022. ECF Doc. 31 at 8. Thus, a $63.93 discrepancy exists between what Defendants say was sent to Plaintiff and what he says he received. The parties' submissions reveal neither the reason for this discrepancy nor the individual or entity

responsible for it.³ Based on the existence of the $63.93 discrepancy, the undersigned finds Plaintiff's CARES Act claim is not moot, as the parties continue to dispute whether Defendants have provided Plaintiff with all the money due to him. *See Chafin v. Chafin*, 568 U.S. 165, 172 (2013) ("As long as the parties have a concrete interest, however small, in the outcome of the litigation, the case is not moot.") (quotation marks and citation omitted).

*However*, this Court lacks jurisdiction to provide Plaintiff with relief. To the extent any shortage in the refund payment is due to the Defendants' conduct, Plaintiff must seek a refund from the United States by proceeding under 26 U.S.C. § 7422 and satisfying its requirements. *See Lewis v. IRS*, 2022 WL 1449149 (E.D. Cal. May 9, 2022) (holding prisoner could not pursue claim for EIP past December 31, 2020 deadline but leaving open possibility he could pursue claim for refund under § 7422 if he alleged he filed proper administrative claim with the IRS). Section 7422(a) provides:

---

³ If FDOC officials or other state actors are responsible for the missing money, Plaintiff may be required to seek relief from them in state court, because the seizure of property by state officials does not violate the Fourteenth Amendment when an adequate postdeprivation remedy is available under state law. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984) ("[A]n unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available."). Florida offers such a remedy, as it has waived its sovereign immunity in tort actions for the negligent or wrongful acts of employees causing injury or loss of property. Fla. Stat. § 768.28(1); *see also Jackson v. Hill*, 569 F. App'x 697, 698 (11th Cir. 2014) (concluding Florida provided adequate postdeprivation remedy because prisoners can sue state correctional officers for the conversion of their personal property).

Case No. 3:21cv1002-LC-HTC

> No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected . . . until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof.

"[F]iling a claim for an administrative refund is a jurisdictional prerequisite to maintenance of a refund suit." *King v. United States*, 789 F.2d 883, 884 (11th Cir. 1986). Thus, "[a] taxpayer may not sue the United States for a tax refund until [he] first files a refund claim with the government." *Charter Co. v. United States*, 971 F.2d 1576, 1579 (11th Cir. 1992) (citing 26 U.S.C. § 7422(a)). "[T]he administrative claim must be 'verified by a written declaration'; set forth 'in detail each ground upon which a credit or refund is claimed and facts sufficient to apprise the Commissioner of the exact basis' of the claim; and use the appropriate tax refund form." *Enax v. C.I.R.*, 476 F. App'x 857, 859 (11th Cir. 2012) (quoting 26 C.F.R. §§ 301.6402-2(b), 301.6402-3(a)). In addition, before filing suit in federal court for a refund under § 7422, an individual must wait six months from the date of filing the administrative claim, unless they receive a decision on the claim. 26 U.S.C. § 6532(a)(1).

Here, because Plaintiff does not allege he filed an administrative refund claim with the IRS, consistent with its regulations and time requirements, the Court does not have jurisdiction over a claim against the United States seeking a refund of $63.93. *See Enax*, 476 F. App'x at 860 ("Before bringing such a tax refund suit, [the

plaintiff] was required to exhaust his claim administratively, and his failure to do so barred the district court from entertaining it."); *Lewis*, 2022 WL 1449149, at *3 ("Because the facts alleged are insufficient to determine Plaintiff complied with the requirements of Sections 7422(a) and 6532(a), it appears the Court lacks jurisdiction over any claim for EIPs in the form of a tax refund."). Thus, any claim for additional Recovery Rebate Credit monies should be dismissed for lack of jurisdiction.

### 2. Plaintiff Fails to State a Claim for an Advance Refund

Also, because, as previously mentioned, it is not entirely clear whether Plaintiff's reference to "EIP" in his CARES Act claim refers to the advance refund or Recovery Rebate Credit, the Court wants to make clear that, to the extent Plaintiff is seeking an advance refund, such a claim has no merit because such payment must have been made by December 31, 2020. Courts have uniformly held that individuals cannot receive an EIP after expiration of the statutory deadline. *See, e.g.*, *McLaughlin*, 2022 WL 522832, at *1 (holding claim for EIP under the CARES Act was subject to dismissal based on passage of the December 31, 2020 deadline); *Reck v. Yellin*, 2022 WL 523331, at *3 (N.D. Cal. Feb. 22, 2022) (holding court could not compel IRS to provide prisoner his EIPs pursuant to *Scholl* or the CARES Act because the December 31, 2020 "deadline has passed, and no more funds may be issued"); *Hudson*, 2021 WL 5782471, at *3 ("Because no further funds may be issued in the form of EIPs, Plaintiff's request for [the issuance of EIPs] is moot.").

Thus, to the extent Plaintiff seeks an EIP based on a tax return filed for the 2019 tax year, the Court cannot provide the requested relief and such a claim should be dismissed for failure to state a claim.[4]

### B. Plaintiff's FOIA Claim Should Be Dismissed

"The FOIA is primarily an access and disclosure statute. It provides for wide-ranging citizen access to government documents and presumes them subject to disclosure absent a clear showing to the contrary." *Ely v. F.B.I.*, 781 F.2d 1487, 1489 (11th Cir. 1986) (citations omitted). A district court has jurisdiction in a FOIA action "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B). However, the person making the FOIA request must exhaust their administrative remedies before filing suit in federal court. *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994) (citations omitted).

Defendants argue Plaintiff's FOIA claim should be dismissed because he failed to allege, and in fact did not, send the FOIA request to the correct IRS office, and without such a showing, the matter is not ripe for judicial review. Defendants rely on a declaration from Jee Eun Ahn, an attorney with the IRS's Office of Chief

---

[4] Defendants also argue Plaintiff's CARES Act claim should be dismissed because he is part of the *Scholl* class and not entitled to individual relief or, alternatively, this case should be transferred to the U.S. District Court for the Northern District of California, as that is where *Scholl* was decided and the court retained jurisdiction over the permanent injunction it entered. Because the Court lacks jurisdiction over Plaintiff's CARES Act refund claim, these additional arguments need not be addressed.

Case No. 3:21cv1002-LC-HTC

Counsel for Procedure and Administration. ECF Doc. 24-3. Ahn's declaration states that after Plaintiff filed the instant suit, the IRS undertook to search its electronic database for Plaintiff's FOIA request. *Id.* ¶ 4. In so doing, the IRS found a request from Plaintiff dated December 13, 2020, that was received by the office which processes FOIA requests for the IRS on January 24, 2022. *Id.* ¶ 8. According to Ahn, Plaintiff's request was sent to "Department of Treasury, Internal Revenue Service, Austin, Texas 73301-0002". *Id.* ¶ 10. The proper address for Plaintiff's FOIA request is "IRS FOIA Request, Austin Disclosure Office, Mail Stop 7000 AUS, 300 East 8th Street, Room 262, Texas 78701." *Id.* ¶ 11.

The undersigned agrees Plaintiff has failed to state a FOIA claim for two reasons. First, the allegations in the complaint are insufficient. In Plaintiff's complaint, he alleges he sent a "notarized Freedom of Information Act Request to the IRS and the Department of Treasury to get all information regarding my EIP payments or any other information related to me within their control." ECF Doc. 1 at 7. He further alleges the requests were not responded to by either agency. *Id.* Plaintiff, however, does not allege he sent the request to the proper address. Plaintiff also does "not allege that [he] made a proper FOIA request, that the records requested fall within FOIA, and that [he] exhausted administrative remedies prior to filing suit in federal court." *Sykes v. United States*, 507 F. App'x 455, 463 (6th Cir. 2012). As in the *Sykes* case, Plaintiff has "done little more than allege that [he]

submitted FOIA requests and did not receive the documents [he] requested." *Sykes v. United States*, 2011 WL 3739017, at *13-14 (S.D. Ohio July 22, 2011) *report and recommendation adopted by* 2011 WL 3739306 (S.D. Ohio Aug. 24, 2011).

Second, even if the Court were to find Plaintiff's allegations are sufficient, the FOIA claim would still be subject to dismissal because Plaintiff has not shown he sent the FOIA request to the proper address. While courts have differed in their treatment of such a failure—from treating it as a Rule 12(b)(1) jurisdictional issue to treating it as a failure to state a claim—it is clear such a failure precludes judicial review and warrants dismissal. *See e.g., Hidalgo v.* FBI, 344 F.3d 1256, 1259 (D.C. Cir. 2003) (dismissing FOIA case pursuant to Fed. R. Civ. P. 12(b)(6) for failure to exhaust administrative remedies and stating "as a jurisprudential doctrine, failure to exhaust precludes judicial review if 'the purposes of exhaustion' and the 'particular administrative scheme' support such a bar").

For example, in *Widtfelt v. United States*, cited by Defendants, the court dismissed the plaintiff's FOIA claim for failure to exhaust administrative remedies because "the complaint does not allege that plaintiff submitted to the IRS a FOIA request that complies" with statutory requirements *and* "defendants have submitted evidence showing that plaintiff never submitted such a request." 2013 WL 2149100, at *3 (D. Neb. May 16, 2013). Also, in granting the motion to dismiss, the court found it appropriate to consider an IRS declaration (similar to Ahn's here) under

Fed. R. Civ. P. 12(b)(1),[5] without converting the motion to dismiss to one for summary judgment. *See id.* at *2. Even though the *Widtfelt* court did not explicitly hold that failure to exhaust was jurisdictional, noting instead a split in the circuits, the court concluded that "it is nevertheless well established that such a failure may preclude judicial review of a FOIA action." *Id*. at *4. The other cases cited by the Defendants reached similar conclusions. *See Giaimo v. IRS*, 1996 WL 249362, at *2 (E.D. Mo. Feb. 23, 1996) (granting motion to dismiss for lack of jurisdiction where evidence showed FOIA request was never delivered to or received by agency); *Thomas v. FAA*, 2007 WL 2020096, at *3 (D.D.C. July 12, 2007) (granting summary judgment based on declaration from agency it did not receive FOIA request).

Here, although Plaintiff alleges in his response to Defendants' motion to dismiss that he "sent multiple requests to multiple IRS and Treasury offices requesting information about this FOIA request, all going without a response," ECF Doc. 31 at 2, he has presented no evidence showing that he sent a proper FOIA request to the right address. "Because agency declarations are accorded 'a presumption of good faith,' it is incumbent upon the plaintiff to 'point to evidence

---

[5] When a court considers dismissal based on jurisdictional or similar grounds, the court may consider extrinsic evidence, such as often occurs when considering whether a prisoner has exhausted administrative remedies under the Prison Litigation Reform Act. *See* Fed. R. Civ. P. 12(b)(1); *Widtfelt*, 2013 WL 2149100 at * 2; *see also Turner v. Burnside*, 541 F.3d 1077, 1082 (11th Cir. 2008) (noting failure to exhaust under the PLRA is procedurally treated like a defense for lack of jurisdiction, although it is not a jurisdictional matter).

sufficient to put the Agency's good faith into doubt.'" *Pickering-George v. Registration Unit, DEA/DOJ*, 553 F. Supp. 2d 3, 5 (D.D.C. 2008) (citing *Ground Saucer Watch, Inc. v. CIA,* 692 F.2d 770, 771 (D.C. Cir. 1981)) (internal citations omitted). Instead, Plaintiff appears to seek to be excused from having to have sent the FOIA request to the proper location because he is "a prisoner without access to the world wide web"—where Defendants contend the correct FOIA address can be found. ECF Doc. 31 at 2. That argument, however, does not excuse Plaintiff from the exhaustion requirements.

"The Court's jurisdiction under the FOIA depends on the improper withholding of agency records. An agency's obligation to disclose records is not triggered, however, until a proper request has been received." *Pickering-George*, 553 F. Supp. 2d at 5 (internal citations omitted) (granting summary judgment in favor of agency in FOIA action because address used "is not listed in the controlling DOJ regulation as one to which FOIA requests to DEA should be sent"). Thus, a similar argument to the one raised by Plaintiff was rejected by the court in *Banks v. Dep't of Justice*, 538 F. Supp. 2d 228 (D.D.C. 2008). There, the plaintiff argued his only obligation was to place the FOIA request in the mail and whether it was received or sent to the wrong department is immaterial because he is a prisoner. *Id.* at 234. The court, nonetheless, granted summary judgment to the agency. Likewise, in *Evans v. McConnell*, also involving a prisoner, the court dismissed a FOIA action

for failure to state a claim because the plaintiff sent his FOIA request to the wrong address—and thus failed to exhaust his administrative remedies. 2009 WL 1913293, at *4 (W.D. Pa. July 2, 2009) ("As a result of Petitioner's failure to exhaust his administrative remedies, ODNI never received his FOIA request and appeal. Hence, the agency could not have improperly withheld any records. Accordingly, Petitioner is not entitled to judicial review under FOIA and his complaint fails to state a claim upon which relief can be granted.") (internal citations omitted). Moreover, the court dismissed the action even though the prisoner plaintiff had used an address provided by the Army—which happened to be incorrect. *Id.*

Accordingly, the undersigned finds Plaintiff's FOIA claim should be dismissed for failure to state a claim. Finally, although Defendants also move for dismissal of Plaintiff's request for damages, the undersigned finds it unnecessary to address those arguments given the undersigned's determination that all liability claims should be dismissed.[6]

---

[6] Plaintiff's complaint could be liberally construed as bringing a claim against Defendants under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), as he alleges the Treasury Secretary and IRS Commissioner, in their official capacities, violated his due process rights under the Fifth Amendment. However, a *Bivens* claim cannot be brought against an entity or an individual sued in their official capacity. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (noting in a *Bivens* suit, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution"); *Sharma v. Drug Enforcement Agency*, 511 F. App'x 898, 901 (11th Cir. 2013) ("*Bivens* only applies to claims against federal officers in their individual capacities; it does not create a cause of action for federal officers sued in their official capacities."). Thus, *Bivens* does not provide a vehicle for Plaintiff to seek damages related to his CARES Act claim.

## IV. CONCLUSION

Accordingly, it is RECOMMENDED:

1. That Defendants' Motion to Dismiss, ECF Doc. 24, be GRANTED as follows:

   a. That Plaintiff's claim for an advance refund under the CARES Act, if any, be DISMISSED WITH PREJUDICE for failure to state a claim.

   b. That Plaintiff's claim for an additional refund based on the Recovery Rebate Credit of the CARES Act be DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.

   c. That Plaintiff's FOIA claim be DISMISSED WITHOUT PREJUDICE for failure to state a claim.

2. That the clerk be directed to close the file.

At Pensacola, Florida, this 29th day of June, 2022.

/s/ Hope Thai Cannon
**HOPE THAI CANNON**
**UNITED STATE MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within **fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u>  An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or

recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.